UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH LACY,<br><br>            *Plaintiff*,<br>    v.<br><br>SARA REYNOLDS et al.,<br><br>            *Defendants*. | Civil Action No. 22-2421 (TJK) |

**MEMORANDUM**

Plaintiff lost a Tennessee state-court lawsuit and appeal. Proceeding pro se, she has now sued the lawyers who represented the defendant in that case, the judges who heard her appeal, and the appellate court itself. She says the lawyers fabricated evidence and the judicial defendants failed to hold them accountable for that wrongdoing. But she has failed to establish this Court's subject-matter jurisdiction over the judicial defendants or its personal jurisdiction over the lawyers. For these reasons, the Court will dismiss the case.

**I.      Background**

Plaintiff's many handwritten filings are often hard to decipher. Because she appears pro se, the Court has reviewed them all and attempted to "infer the claims made wherever possible," seeking to identify "all possible legal theories that could apply." *See Davis v. United States*, 973 F. Supp. 2d 23, 26 (D.D.C. 2014). As best the Court can tell, the gist of her allegations follows.

Years ago, Plaintiff sued a doctor in Tennessee state court for alleged injuries arising from a handshake. *See* ECF No. 1-1 at 18–19. Defendants Sara Reynolds and Ashley Tipton are attorneys who represented the doctor in that action. *See* ECF No. 16 at 3; ECF No. 17 at 7. The remaining defendants are a state appeals court and three of its judges. *See* ECF No. 1 at 1; ECF No. 1-1 at 18. In the case against the doctor, Reynolds and Tipton prepared and filed a motion for

summary judgment. *See* ECF No. 1-1 at 18–19; ECF No. 13 at 1. The state court granted that motion, which resolved the case in the doctor's favor. *See* ECF No. 1-1 at 19. Plaintiff appealed that decision to the defendant appeals court, which affirmed that judgment in an opinion written by one of the defendant judges and joined by the other two defendant judges. *See id.* at 18–30.

Plaintiff claims Reynolds and Tipton fabricated medical records—which were filed along with the summary-judgment motion—to engineer that outcome. *See* ECF No. 13 at 2. Plaintiff reported her allegations to the U.S. Department of Justice three times. *See id.* at 3. She does not precisely specify the nature of her claims in this Court, but she mentions at least three types of legal theories that could apply: violation of the False Claims Act, *see id.* at 7; race discrimination in violation of Title VI of the Civil Rights Act of 1964, *see* ECF No. 15 at 3–4; and common-law claims such as fraud and defamation, *see* ECF No. 13 at 7; ECF No. 20 at 3. Plaintiff seeks $750,000 in damages. *See* ECF No. 1 at 1.

Reynolds and Tipton separately move to dismiss. *See* ECF Nos. 9–10. Each argues that this Court lacks subject-matter jurisdiction over the dispute and personal jurisdiction over them, that venue is improper in the District of Columbia, and that Plaintiff has failed to state any claims. *See* ECF Nos. 9-1, 10-1. Plaintiff deluged the docket with responsive filings. *See* ECF Nos. 13, 15–17, 19–20, 38–39. She also requested discovery because her "phone and email are still being hacked," *see* ECF No. 24 at 1, which kicked off another round of filings on that subject, *see* ECF Nos. 25–36.

The judicial defendants have not appeared. Plaintiff has, however, purported to serve process on them. *See* ECF No. 12 at 16–27.

## II.  Legal Standards

Plaintiff has the burden to establish the Court's subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Plaintiff proceeds pro se, the

2

Court must construe her filings liberally.  *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017).  That means, among other things, considering factual allegations from all her filings, not just her complaint.  *See Watson v. D.C. Water & Sewer Auth.*, 249 F. Supp. 3d 462, 464 (D.D.C. 2017); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).  Ultimately, though, that lower standard does not absolve Plaintiff of the need to plausibly plead facts that establish jurisdiction.  *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

Defendants Reynolds and Tipton also move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  Such motions trigger Plaintiff's "burden of making a *prima facie* showing that the court has [such] personal jurisdiction." *Mazza v. Verizon Wash. DC, Inc.*, 852 F. Supp. 2d 28, 32 (D.D.C. 2012).  "The court . . . may consider relevant material outside of the pleadings[,] but all disputed issues of fact are resolved in favor of the plaintiff" at this stage.  *Moldauer v. Constellation Brands Inc.*, 87 F. Supp. 3d 148, 152 (D.D.C. 2015) (citation omitted), *aff'd*, No. 15-5103, 2019 WL 3955850 (D.C. Cir. Aug. 7, 2019).  "Pro se plaintiffs are not freed from the requirement to plead" facts that establish personal jurisdiction.  *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

### III.   Analysis

Among many problems with this suit, the Court lacks subject-matter jurisdiction over the claims against the judicial defendants and lacks personal jurisdiction over Reynolds and Tipton.  Thus, it will dismiss the case.

#### A.   The Judicial Defendants Are Absolutely Immune from Suit

Although the judicial defendants have not appeared to defend this action, the Court must dismiss them from the suit sua sponte if it lacks subject-matter jurisdiction.  *See Poblete v. U.S. Marshals Serv.*, 207 F. Supp. 3d 1, 2–3 (D.D.C. 2016).  The Court lacks subject-matter jurisdiction over a dispute insofar as any defendant is absolutely immune from suit.  *See Wiley v. Wilkins,* 134

3

F. Supp. 3d 308, 310 (D.D.C. 2015), *aff'd*, 671 F. App'x 807 (D.C. Cir. 2016). "[S]tate judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). And a state court "is *non sui juris* and therefore not subject to suit." *See Williams v. D.C. Super. Ct.*, No. 22-CV-2993 (APM), 2022 WL 6726801, at *2 (D.D.C. Oct. 11, 2022).

Under those principles, the Court must dismiss the judicial defendants from the case. Plaintiff sues the judges for judicial acts—it is hard to imagine an act more plainly judicial than authoring an opinion, however much Plaintiff dislikes the result. *See Gardner v. Jones*, 862 F.2d 318 (9th Cir. 1988) ("Ruling on motions and deciding cases on appeal are judicial acts."). And the state appellate court is not an entity that Plaintiff can sue in a civil action for damages.

### B. Plaintiff Has Not Made a Prima Facie Showing that the Court Has Personal Jurisdiction over Reynolds and Tipton

That leaves Reynolds and Tipton. As explained below, they too must be dismissed because the Court lacks personal jurisdiction over them.[1]

Personal jurisdiction has two variants: general and specific. *See generally Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A court has general jurisdiction—jurisdiction for all purposes—over a defendant in the forum where she is "at home." *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A court has specific jurisdiction—jurisdiction linked to a particular claim—when the claim is sufficiently related to a defendant's contacts with the forum. *See generally Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021).

To make a prima facie case for general jurisdiction, Plaintiff must allege facts suggesting

---

[1] The Court need not decide whether it has subject-matter jurisdiction over the claims against Reynolds and Tipton because it concludes that it lacks personal jurisdiction over them. Finding that the Court has subject-matter jurisdiction is not a prerequisite for dismissing claims for lack of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999); *Williams v. Romarm, SA*, 756 F.3d 777, 781 n.1 (D.C. Cir. 2014).

that Reynolds and Tipton are continuously and systematically affiliated with the District of Columbia. *See Toumazou v. Turkish Republic of N. Cyprus*, 71 F. Supp. 3d 7, 15 (D.D.C. 2014). For example, a court in this district found that standard satisfied when the plaintiff "submitted several public record searches and business filings[ ] indicating that . . . two limited liability companies . . . [with which a defendant was associated] both maintain a standard address in the District of Columbia" and systematically do business here. *See GAG Enters., Inc. v. Rayford*, 312 F.R.D. 230, 232–33 (D.D.C. 2015). And an individual's "paradigm forum" is her "domicile." *Daimler AG*, 571 U.S. at 137.

Plaintiff does not allege any connection between Reynolds or Tipton and the District of Columba, let alone domicile or another continuous and systematic connection. Both Reynolds and Tipton assert that they live in Tennessee, that they do not own property in the District of Columbia, that they are not licensed to practice law here, and that they do not otherwise do business here. *See* ECF No. 9 at 10–11; ECF No. 10 at 10–11. Indeed, Plaintiff admits that Reynolds and Tipton are citizens of Tennessee. *See* ECF No. 13 ¶¶ 4–5. Nor does Plaintiff suggest any other pervasive contacts between Reynolds or Tipton and this jurisdiction. Thus, she has not made a prima facie showing of general jurisdiction.

Finding specific jurisdiction is a two-step process. First, the Court must conclude that a statute authorizes jurisdiction against a nondomiciliary. *See US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 65 (D.D.C. 2021). Second, if a statute does authorize such jurisdiction, the Court must conclude that the exercise of jurisdiction is consistent with the Due Process Clause. *See id.* Even assuming that there is a statutory basis for specific jurisdiction here—which is far from clear—exercising it would not provide due process. Thus, Plaintiff has not made a prima facie showing of specific jurisdiction either.

To make such a showing, Plaintiff must allege "pertinent jurisdictional facts." *See First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). Those facts establish jurisdiction if they permit the Court to conclude that a defendant made purposeful contact with the forum and that Plaintiff's claims arise from those contacts. *See Ford Motor Co.*, 141 S. Ct. at 1024–25. That is, under a theory of specific jurisdiction, Plaintiff needs "an affiliation between the forum and the underlying controversy." *See id.* at 1025 (quotation omitted). For a prima facie showing, those conclusions must be a "reasonable inference" from Plaintiff's filings. *See Lewis v. Mutond*, 62 F.4th 587, 592–93 (D.C. Cir. 2023) (quotation omitted).

The Court cannot infer from anything in the record that Reynolds or Tipton have *ever* made purposeful contact with the District of Columbia, let alone done so related to Plaintiff's claims. Both defendants claim the underlying state-court lawsuit was "litigated entirely in Tennessee over alleged events and medical care that occurred in Tennessee" with "no connection" to this district. *See* ECF No. 9 at 10; ECF No. 10 at 10. Plaintiff does not contend otherwise.

Instead, Plaintiff argues that the required connection with this district was established by *her* conduct. She says that the Court has personal jurisdiction because of the complaints she filed "with the Department of Justice of Washington D.C. which D stands for District and C stands for Columbia." ECF No. 13 at 3. That is, Plaintiff contends that her reporting to the Department of Justice establishes personal jurisdiction over Reynolds and Tipton in the District of Columbia. *See* ECF No. 16 at 3.

The problem for Plaintiff is that only the *defendants'* actions can constitute the purposeful availment necessary for exercising jurisdiction to comport with due process. The purpose of that doctrine is to "prevent unilateral activities of the plaintiff from granting personal jurisdiction." *Johns v. Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 98 (D.D.C. 2012). Thus, Plaintiff's decisions

6

to file complaints with the Department of Justice are of no moment in establishing personal jurisdiction over Reynolds and Tipton. And she has not otherwise pled or even hinted at anything Reynolds or Tipton did to establish a pertinent connection with this jurisdiction. For that reason, she has not established a prima facie case for personal jurisdiction, and so the Court will grant Reynolds's and Tipton's motions to dismiss.

\*   \*   \*

Finally, the Court will not permit Plaintiff to amend her complaint. New allegations consistent with those already pleaded could not cure the jurisdictional defects, making amendment futile. *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012). Thus—although the Court's dismissal is on jurisdictional grounds and so operates without prejudice—its dismissal will be "final and appealable" as a dismissal of the case, not just the complaint. *See N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

## IV. Conclusion

For all the above reasons, the Court will sua sponte dismiss the case for lack of subject-matter jurisdiction as to the judicial defendants, and grant Reynolds's and Tipton's motions to dismiss the case against them for lack of personal jurisdiction. And because it is dismissing the entire case, the Court will deny the parties' remaining motions as moot. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 12, 2023